UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Paul Edward Johnson, | Case No. 23-cv-2249 (KMM/LIB) |
| Plaintiff, | |
| v. | **ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| Ryan Sullivan, | |
| Defendant. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and on Plaintiff Paul Edward Johnson's (1) Complaint, [Docket No. 1]; (2) Application to Proceed in District Court Without Prepaying Fees or Costs, ("IFP Application"), [Docket No. 2]; (3) Motion to Amend Complaint, [Docket No. 7]; and (4) Amended Complaint, [Docket No. 7-1].

For the following reasons, the Court grants the IFP Application and the Motion to Amend, recommends dismissing the Amended Complaint in part, and provides for service so that the rest of this action may proceed.

**I.    Background**

The Court received the Complaint on July 28, 2023. As relevant here, the Complaint alleges that Plaintiff received unconstitutional treatment from Defendant Ryan Sullivan (a sheriff's deputy for Mille Lacs County) during an interaction in May 2021. (See, e.g., Compl. [Docket No. 1] at 6–8).[1]

On August 24, 2023, the Honorable Katherine M. Menendez, United States District Court Judge for the United States District Court, District of Minnesota, entered an Order requiring

---
[1] Citations to filed materials use the page numbers provided by the District's CM/ECF filing system.

Plaintiff to specify the capacity (or capacities) in which he meant to sue Sullivan. (See Order [Docket No. 5] at 2–3). Judge Menendez also indicated that she would refer Plaintiff to the Federal Bar Association's Pro Se Project for potential assistance. (See Id.) The Court has since received information indicating that although Plaintiff has had time to consult with an attorney since the entry of Judge Menendez's Order, said attorney will not be representing Plaintiff in this matter. Thus, the Court considers this matter ready for next steps.

On August 31, 2023, the Court received Plaintiff's Motion to Amend, [Docket No. 7], which was accompanied by Plaintiff's Proposed Amended Complaint. The Proposed Amended Complaint concerns the same May 2021 interaction discussed in the original Complaint, and again contends that Defendant violated Plaintiff's constitutional rights. (See, e.g., Am. Compl. [Docket No. 7-1] at 4–9.) In apparent response to Judge Menendez's Order, Plaintiff asserts that he means to sue Sullivan in his individual capacity and his official capacity. (See Id. at 1). Plaintiff also apparently adds the State of Minnesota and Keith Ellison (Minnesota's attorney general) as defendants. (See Id. at 1–2).[2] For relief, Plaintiff seeks compensatory damages, punitive damages, attorney fees, and (as the Court understands it) an injunction requiring that "there be proper training of officers [as to] the correct way to interact with citizens and how [officers] conduct their law enforcement duties in the State of Minnesota [and] County of Mille Lacs." (Id. at 10.)

Under Federal Rule of Civil Procedure 15(a)(1), when a pleading is "one to which a responsive pleading is required," as a complaint is, "[a] party may amend its pleading once as a

---

[2] The Proposed Amended Complaint is somewhat confusing the specific defendant Plaintiff wishes to add. The Proposed Amended Complaint's caption states that Johnson means to sue Sullivan and the "STATE OF MINNESOTA, Attorney for the state . . . in their official and private capacities." (Am. Compl. [Docket No. 7-1] at 1). But the Proposed Amended Complaint's defendant list names only Sullivan and Ellison. (See Id. at 2.) Plaintiff is a pro se litigant, so the Court construes the Proposed Amended Complaint liberally. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Smith v. Andrews, 75 F.4th 805, 808 (8th Cir. 2023) (quoting Erickson). The Court thus assumes that Johnson (1) means to add both the State of Minnesota and Ellison as defendants, and (2) means to sue Ellison in both his individual and official capacities. As discussed below, as a practical matter, this decision makes little difference in terms of how this action will proceed.

matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Plaintiff's Motion to Amend is thus timely; no Defendant has even been served yet here, much less issued a responsive pleading or relevant motion. The Court therefore grants Plaintiff's Motion to Amend, meaning that the Amended Complaint will be this action's operative pleading going forward.[3]

## II. Analysis

### A. Standards of review

Rather than pay this action's filing fee, Plaintiff submitted the IFP Application; this indicates that, as a financial matter, Plaintiff qualifies for in forma pauperis ("IFP") status. But under the federal statute governing IFP proceedings, a district court shall dismiss an IFP proceeding if the court determines that "the action . . . is frivolous or . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). And while the statute here uses the phrase "the action," courts in this District routinely use § 1915(e)(2) to dismiss portions of cases when suitable. See, e.g., Johnson v. Reed, No. 23-cv-2130 (PJS/DTS), 2023 WL 7388389, at *4 n.5 (D. Minn. Nov. 8, 2023) (citing Parson v. Barney, No. 12-cv-0646 (DWF/DJF), 2023 WL 5447287, at *3 (D. Minn. Aug. 24, 2023)).

A case is frivolous when "'it lacks an arguable basis either in law or in fact.'" Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)); see also, e.g., Aziz v. Burrows, 976 F.2d 1158, 1158 (8th Cir. 2002) (same). With respect to factual frivolity, this District's courts normally find that when a complaint has no factual allegations about

---

[3] Under this District's Local Rules, a litigant filing a motion to amend must provide a "version of the proposed amended pleading that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods—how the proposed amended pleading differs from the operative pleading." L.R. 15.1(b). Plaintiff has not done this. Given this case's early stage, the Court will grant the Motion to Amend notwithstanding this procedural issue. Going forward, however, the Court expects Plaintiff to comply with the District's Local Rules.

a given defendant, it is factually frivolous as to that defendant. See, e.g., Nelson v. Ellison, No. 23-cv-2122 (JRT/LIB), 2023 WL 7741273, at *3 (D. Minn. Oct. 27, 2023) (citing cases), report and recommendation adopted, 2023 WL 7697051 (D. Minn. Nov. 15, 2023); Lenear v. Coates, No. 23-cv-831 (ECT/JFD), 2023 WL 4901283, at *2 (D. Minn. Aug. 1, 2023) (same).

When determining if a complaint states a claim on which a court may grant relief, a district court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. See, e.g., Varga v. U.S. Bank Nat. Ass'n, 764 F.3d 833, 836 (8th Cir. 2014) (citing Loftness Specialized Farm Equip., Inc. v. Twiestmeyer, 742 F.3d 845, 854 (8th Cir. 2014)). While a complaint's factual allegations need not be detailed, they must "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing authorities). A complaint must "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A district court's consideration of whether a pleading states a claim is "context-specific"; a court must "draw on its judicial experience and common sense." Id. at 679; see also, e.g., Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015) (en banc) (making same points (quoting Magee v. Trs. of Hamline Univ., 747 F.3d 532, 535 (8th Cir. 2014)) (cleaned up)). Courts should construe pro se complaints like Plaintiff's "'liberally,'" but such pleadings must still allege enough facts to support the claims advanced. See, e.g., Sandknop v. Mo. Dep't of Corr., 932 F.3d 739, 741–42 (8th Cir. 2019) (quoting Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)).

Alongside these standards imposed through 28 U.S.C. § 1915(e)(2), Rule 12(h)(3) of the Federal Rules of Civil Procedure states that "[i]f [a] court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." This rule applies to portions of cases as well. See, e.g., Cox v. Comm'r of Dep't of Hum. Servs., No. 19-cv-1956 (JRT/DTS), 2020 WL

4

1049114, at *4 (D. Minn. Jan. 31, 2020) (citing cases), report and recommendation adopted, 2020 WL 1043711 (D. Minn. Mar. 3, 2020).

### B. Official-capacity claims against Sullivan

The Court will start first with the official-capacity claims against Sullivan. Plaintiff brings this action under 42 U.S.C. § 1983, the typical vehicle for pressing constitutional claims. (See Am. Compl. [Docket No. 7-1] at 3).[4] When one brings official-capacity claims against a municipal employee—like Sullivan here—the claims are essentially against that individual's employer. See, e.g., Hafer v. Melo, 502 U.S. 21, 25 (1991) (quoting Kentucky v. Graham, 473 U.S. 159 (1985)); Brewington v. Keener, 902 F.3d 796, 800 (8th Cir. 2018) (quoting Hafer-reliant caselaw). In Sullivan's case, then, Plaintiff's official-capacity claims amount to claims against Mille Lacs County.

Under § 1983, however, "local governments are responsible only for 'their own illegal acts.'" Connick v. Thompson, 563 U.S. 51, 60 (2011) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986) (emphasis in Pembaur)); see also, e.g., Elder v. Gillespie, 54 F.4th 1055, 1065 ("'[T]he doctrine of respondeat superior does not apply to § 1983 cases . . . .'" (quoting Jackson v. Nixon, 747 F.3d 537, 543 (8th Cir. 2014)). So Mille Lacs County cannot be liable to Plaintiff simply for employing Sullivan; Plaintiff must instead allege that the County itself is responsible for violating his constitutional rights.

As the United States Supreme Court has explained, "[p]laintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury. Official municipal policy includes the decisions of a government's

---

[4] Generally, a plaintiff cannot bring claims directly under the U.S. Constitution. See, e.g., Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution. . . . [A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." (citing cases)); Johnson, 2023 WL 7388389, at *5 (citing Azul-Pacifico).

lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, 563 U.S. at 60–61 (citations omitted). There are various ways to allege the relevant sort of municipal conduct. See, e.g., Kiefer v. Isanti Cnty., 71 F.4th 1149, 1152–54 (8th Cir. 2023) (discussing relevant standards), cert. denied, No. 23-336, 2023 WL 7117093 (U.S. Oct. 30, 2023); Brewington, 902 F.3d at 800–02 (same).

In the present case, however, in-depth discussion of this caselaw is unnecessary, for here the Amended Complaint has no allegations suggesting any relevant sort of conduct by Mille Lacs County. Even liberally construing his Amended Complaint in his favor, accepting all factual allegations as true, and drawing all reasonable inferences in his favor, Plaintiff's Amended Complaint fails to allege any relevant sort of conduct by Mille Lacs County.

Therefore, the Court recommends Plaintiff's official-capacity claims against Sullivan be dismissed without prejudice.

### C.  Claims against the State of Minnesota (including official-capacity claims against Ellison)

The Court next turns to the Amended Complaint's claims against the State of Minnesota and its official-capacity claims targeting Keith Ellison. As noted above, official-capacity claims against a government official are essentially claims against the official's employer. Here, this rule means that the Amended Complaint's official-capacity claims against Ellison are simply claims against the State of Minnesota itself.

This Court, however, lacks jurisdiction over any claims in the Amended Complaint against the State of Minnesota. This is due to the state sovereign immunity provided by the Eleventh Amendment.

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

United States by Citizens of another State . . . ." U.S. Const. amend. XI. While the text here uses the phrase "another state," precedent is clear that the Eleventh Amendment also bars suits against states by their own citizens. See, e.g., PennEast Pipeline Co., LLC v. New Jersey, 141 S. Ct. 2244, 2258 (2021) (citing Hans v. Louisiana, 134 U.S. 1 (1890)). This sovereign immunity strips district courts of jurisdiction over relevant cases—in other words, under Eleventh Amendment sovereign immunity, "courts may not ordinarily hear a suit brought by any person against a nonconsenting State." Torres v. Tex. Dep't of Pub. Safety, 142 S. Ct. 2455, 2461–62 (2022) (citing Blatchford v. Native Village of Noatak, 501 U.S. 775, 779 (1991)).[5]

This Court thus lacks jurisdiction over the Amended Complaint's claims against the State of Minnesota—including any official-capacity claims against Ellison. The Court therefore recommends dismissing these claims without prejudice for lack of jurisdiction.

### D.   Individual-capacity claims against Ellison

Finally, the Court addresses the Amended Complaint's individual-capacity claims against Ellison. The Amended Complaint has no factual allegations whatsoever about Ellison. As a result, to the extent the Amended Complaint seeks to bring individual-capacity claims against him, it is factually frivolous. The Court therefore recommends that Plaintiff's individual-capacity claims against Ellison be dismissed without prejudice.

### E.   Summary

Following the discussion above, the only claims that will remain in this action (assuming adoption of the recommendations above) are the Amended Complaint's individual-capacity claims

---

[5] As the quote here suggests, exceptions to this principle exist where a state has given consent for its citizens to sue it in federal court. But nothing in the Amended Complaint suggests that the State of Minnesota has consented to suits like Plaintiff's present action.

against Sullivan. The Court will therefore grant the IFP Application and provide for service against Sullivan.[6]

### III.   Conclusion

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT**:

1. Plaintiff Paul Edward Johnson's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2], is **GRANTED**;

2. Plaintiff's Motion to Amend Complaint, [Docket No. 7], is **GRANTED**;

3. Plaintiff must submit a properly completed Marshal Service Form (Form USM-285) for Defendant Ryan Sullivan—Marshal Service Forms will be provided to Plaintiff by the Court;

4. If Plaintiff does not complete and return the Marshal Service Form within thirty (30) days of this filing's date, this Court will recommend dismissing the remainder of this action without prejudice for failure to prosecute.

5. After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from Defendant Ryan Sullivan consistent with Rule 4(d) of the Federal Rules of Civil Procedure; and

6. If Sullivan fails without good cause to sign and return a waiver within thirty (30) days of the date that the waiver is mailed, the Court will impose upon him the expenses later incurred in effecting service of process—absent a showing of good cause,

---

[6] This determination is without prejudice to Sullivan, once served with summons, proceeding in whatever way he wishes permitted by the Federal Rules of Civil Procedure—including, if he so chooses, filing a motion to dismiss under Rule 12(b).

reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form.

In addition, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's official-capacity claims against Defendant Sullivan be **DISMISSED without prejudice** for failure to state a claim;

2. Plaintiff's claims against the State of Minnesota (regardless of capacity) be **DISMISSED without prejudice** for lack of jurisdiction;

3. Plaintiff's official-capacity claims against Defendant Ellison be **DISMISSED without prejudice** for lack of subject matter jurisdiction; and

4. Plaintiff's individual-capacity claims against Defendant Ellison be **DISMISSED without prejudice** as frivolous.

Dated: November 29, 2023            s/Leo I. Brisbois
                                    Hon. Leo I. Brisbois
                                    United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).